No. 60,927

In the Matter of LYLE BRITT, *Respondent.*

(750 P.2d 409)

Opinion filed February 19, 1988.

*Bruce E. Miller*, disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, deputy disciplinary administrator, was with him on the brief for petitioner.

*Lyle Britt*, respondent, argued the cause and was on the brief pro se.

*Per Curiam*: This original action in discipline was filed by the office of the Disciplinary Administrator against Lyle Britt, of Wichita, an attorney admitted to the practice of law in Kansas. No exceptions were filed to the report of the hearing panel of the Board for Discipline of Attorneys and, therefore, the facts as found by the panel are not in dispute.

On February 26, 1986, respondent, Lyle Britt, was retained and paid $350.00 by complainant, Regina G. Stevens, and her husband, Tommy G. Stevens, to file an adoption proceeding so that Mr. Stevens could adopt Mrs. Stevens's minor daughter. The clients advised Britt that the adoption had to be completed as soon as possible because the child had no medical insurance coverage.

Britt did not enter into a written contract of employment with the Stevenses. Because Britt failed to make clear to his clients that the $350.00 paid as fees for services did not include the filing fee and publication costs, the Stevenses assumed that the $350.00 represented the entire cost of the adoption.

Approximately 5 weeks later, on March 31, 1986, Mr. Stevens visited Britt's office to obtain a receipt for the $350.00. Mr. Stevens was informed that the petition for the adoption had not yet been filed.

On April 11, Britt paid the filing fee and filed the petition for the adoption in the district court of Sedgwick County, Kansas. The notice of the adoption proceeding was published on April 18, 1986; April 25, 1986; and May 2, 1986. The costs of publication were $56.70 and have not yet been paid.

On May 12, 1986, the adoption of the child by Mr. Stevens was

approved and the journal entry and decree of adoption were filed that same day. The Sedgwick County District Court did not forward the Report of Adoption to the State Department of Health and Environment, Division of Vital Statistics, because the publication costs had not been paid. Because the publication costs have not yet been paid, the state registrar of vital statistics has not been notified of the adoption as required by K.S.A. 59-2104.

The panel found that there was clear and convincing evidence that respondent had neglected a legal matter entrusted to him in violation of DR 6-101(A)(3) (1987 Kan. Ct. R. Annot. 143) and recommended discipline by public censure.

Neglect involves indifference and a consistent failure to carry out the obligations which the lawyer has assumed to his client or a conscious disregard for the responsibility owed to the client. The concept of ordinary negligence is different. Neglect cannot be found if the acts or omissions complained of were inadvertent or the result of an error in judgment made in good faith. An attorney must insure that his clients have a full understanding as to who will bear the impact of the expenses of litigation. Once the attorney has entered into an employment contract with a client, the attorney has a duty to give reasonably prompt attention to the case until the matter is completed or the relationship of attorney-client is terminated.

It is clear that the problem between respondent and his clients arose from a failure to communicate when Britt originally undertook representation in this adoption. Respondent failed to adequately explain to the clients who was responsible for the payment of the costs to file the adoption and for publication. Because of this miscommunication, the publication costs have not been paid and the district court has not notified the state registrar of vital statistics of the adoption as required by K.S.A. 59-2104.

Having carefully reviewed the record, the members of this court concur with the recommendations of the panel.

It Is Therefore Ordered That Lyle Britt be and he is hereby disciplined by public censure for violation of DR 6-101(A)(3).

It Is Further Ordered that a copy of this order be published

in the the official Kansas Reports and that the respondent pay the costs of this proceeding.

Effective this 19th day of February, 1988.